**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID CONKLIN #1732987** | § | |
| | § | |
| **V.** | § | **A-12-CA-867-SS** |
| | § | |
| **D. RANDOLPH** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis State Jail.  He asserts on September 7, 2012, D. Randolph made false statements against the plaintiff in a disciplinary report.  Plaintiff contends Randolph made the false statements to retaliate against the plaintiff for attending the law library.  On September 12, 2012, Plaintiff was found guilty of attempting to establish an inappropriate relationship with Randolph, the law librarian, by giving her a piece of artwork.  Plaintiff denied the charge, stating he was donating a piece of artwork to the law library.  Plaintiff asserts he was found guilty of the charge and he received 30 days loss of privileges for recreation, visitation, and commissary, 15 days of solitary confinement, which was

suspended, and a reprimand.  Plaintiff sues D. Randolph.  Plaintiff requests the Court to order Defendant to hire her own attorney.  In addition, he seeks declaratory relief and punitive damages.

Plaintiff executed his complaint on September 12, 2012, the same day of his disciplinary hearing.  On the face of his complaint Plaintiff asserts he filed a Step I Grievance on September 7, 2012, but he had not received a response to his grievance by the time he executed his complaint, five days later.

## DISCUSSION AND ANALYSIS

The law governing the exhaustion of administrative remedies is found in 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court subsequently reviewed the 1996 provisions regarding exhaustion and concluded that inmates must exhaust their administrative remedies before proceeding to federal court.  Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819 (2001).  The Supreme Court has repeatedly held that exhaustion is mandatory and is required for all actions brought by prisoners. Woodford v. Ngo, 548 U.S. 81, 84, 126 S. Ct. 2378 (2006); Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct. 983 (2002).

The Supreme Court's most recent pronouncement on exhaustion was in Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910 (2007).  The Supreme Court stated that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211.  It was added, however, that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Id. at 216.  The Fifth Circuit has specified, however, that after Jones v. Bock, a

complaint is still subject to dismissal for failure to state a claim where the prisoner's failure to exhaust appears on the face of the complaint. <u>Carbe v. Lappin</u>, 492 F.3d 325, 328 (5th Cir. 2007).

In the present lawsuit, the fact that Plaintiff failed to exhaust his administrative remedies before he filed his lawsuit is evident on the face of the complaint. Plaintiff asserts he filed his Step I Grievance five days before he executed his civil rights complaint and before he received a response to his grievance. Under federal law, Plaintiff is not entitled to bring his lawsuit until he has exhausted his administrative remedies, thus the lawsuit should be dismissed.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for failure to exhaust his administrative remedies.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of September, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE